UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


JAMES W. SLATER,

      Movant

v.                                 CIVIL ACTION NO. 2:04-00391
                                 (Criminal No. 2:01-00160)

UNITED STATES OF AMERICA,

      Respondent


MEMORANDUM OPINION AND ORDER


      Pending before the court is the movant's motion pursuant to 28 U.S.C. § 2255, filed April 22, 2004, seeking the vacatur, set aside, or correction of his sentence of 120 months imprisonment, imposed June 18, 2002.  This motion was subsequently amended on September 17, 2004, and May 23, 2005.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), the court received the proposed findings and recommendation of the United States Magistrate Judge on September 14, 2005.  Movant timely filed objections to the proposed findings and recommendation on September 28, 2005.


1

I.

The court adopts the magistrate judge's recitation of the facts and procedural history and will revisit those facts only to the extent necessary to resolve the movant's objections meriting consideration.

On January 29, 1997, the movant was taken into custody pursuant to a mental hygiene petition, which indicated that guns were present in the movant's home.  Upon the subsequent search of the movant's home, police officers found a .22 caliber rifle and also found and seized 37.135 kilograms of marijuana.  On July 21, 2001, movant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On November 7, 2001, movant entered a plea of guilty.  Pending his sentencing, movant was permitted to remain free on bond.

Prior to sentencing, movant was subsequently arrested on a criminal complaint which charged him with intimidation of a federal witness.  More specifically, the supporting affidavit of Kanawha County Deputy Sheriff Bryan Stover alleged that the movant had offered his son $1,000 in exchange for testifying that the marijuana found and seized at movant's home belonged to him.

2

The affiant further represents that the movant told his ex-wife that, "it would be a shame if anything happened to her granddaughter over this issue." Although the magistrate judge found that there was probable cause for the witness tampering charge, it was ultimately dropped.

At the sentencing hearing held June 18, 2002, the court, despite movant's protests, attributed the entire quantity of marijuana found and seized in movant's house to the movant. This resulted in a four-level increase in movant's total offense level for possession of a firearm in connection with a drug offense. The court also assessed a two-level enhancement for obstruction of justice based upon movant's attempts to influence his son's testimony. Additionally, movant was denied a two-level reduction for acceptance of responsibility. Although the movant's sentencing range under the guidelines was determined to be 135 to 168 months, the court found that the statutory maximum on the charge to which movant pled guilty was 10 years and, accordingly, sentenced movant to 120 months in prison. The defendant's conviction and sentence were affirmed on appeal in United States v. Slater by the United States Court of Appeals for the Fourth Circuit on July 16, 2003. Certiorari was denied, 540 U.S. 1042 (2003).

3

In his original section 2255 motion filed April 22, 2004, movant asserts seven grounds, as well as unspecified ineffective assistance of his appellate counsel, which, he maintains, entitle him to relief.  Additionally, in his "amended" motions, movant raises a number of claims based on the United States Supreme Court's decisions in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).[1]  In the proposed findings and recommendation, the magistrate judge, after a thorough consideration of all seven grounds in the original motion and movant's <u>Blakely</u>/<u>Booker</u> amendments, recommends that the section 2255 motion and its amendments be denied in its entirety.

Upon review of movant's objections, the court notes that he does not dispute any of the magistrate judge's proposed findings and recommendation with respect to the grounds he identified in his original section 2255 motion.  Instead, movant asserts he is entitled to relief for the following reasons: (1) he was sentenced in violation of the principles articulated in

---

[1]The "amended" motions are more akin to supplementary pleadings.  Movant's amended motions consist of 34 pages devoted entirely to the applicability of <u>Blakely</u>/<u>Booker</u>.  Movant never filed a proposed amended 2255 motion, which incorporated both his original arguments and the <u>Blakely</u>/<u>Booker</u> arguments.

Blakely and Booker; (2) he was entitled to a three-level
reduction in the calculation of the total offense level inasmuch
as his guilty plea demonstrated acceptance of responsibility; and
(3) the sentencing guidelines are now advisory and a number of
personal circumstances support a reduction in his sentence.  All
three of these objections lack merit.

II.

Movant's objections are largely devoted to the
applicability of the Blakely/Booker decisions.  Shortly after the
filing of his objections on September 28, 2005, the United States
Court of Appeals for the Fourth Circuit held that neither Blakely
nor Booker is available for post-conviction relief sought by
federal prisoners whose convictions became final before the
decisions in those two cases.  See United States v. Morris, 429
F.3d 65, 72 (4th Cir. 2005).  It is undisputed movant's
conviction became final prior to the United States Supreme
Court's decisions in both Blakely and Booker, and, thus, these
cases are of no assistance to movant in his collateral
challenge.[2]

---

[2]Movant's objections also appear to posit that his sentence
is invalid under the Supreme Court's earlier decision in Apprendi
v. New Jersey, 530 U.S. 466 (2000); however, Apprendi is also of
no assistance to the movant inasmuch as his sentence did not

Movant's remaining objections relating to the denial of acceptance of responsibility and his personal circumstances are untimely in that they are sentencing guidelines issues that ought to have been raised, if at all, on direct appeal.  See Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same).

For all the foregoing reasons, along with those found in the proposed findings and recommendation of the magistrate judge, which are hereby adopted and incorporated herein, the court concludes that the movant's section 2255 motion and its amendments should be denied in its entirety.

### III.

It is, accordingly, ORDERED that movant's section 2255 motion and its amendments be, and they hereby are, denied.

---

exceed the statutory maximum.  See United States v. Pratt, 239 F.3d 640, 648 (4th Cir. 2001) ("Apprendi . . . only applies to sentences 'beyond the prescribed statutory maximum'")(quoting Apprendi, 530 U.S. at 490).

6

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: June 28, 2006

John T. Copenhaver, Jr.
United States District Judge